IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ZURICH AMERICAN INSURANCE
COMPANY
1299 Zurich Way
Schaumburg, IL 60196

        *Plaintiff,*
v.

TEMAV EXPRESS, LLC
104 Newport Lane
North Wales, PA 19454

and

SERAFIN CRUZ-CRUZ
1112 Mechanic Street, Apt. 1
Bethlehem, PA 18015

        *Defendants.*

CIVIL ACTION NO.

## COMPLAINT

Plaintiff, Zurich American Insurance Company, by and through its attorneys, Bodell Bove, LLC, by way of complaint against Temav Express, LLC and Serafin Cruz-Cruz avers as follows:

### NATURE OF THE ACTION

This is an action for declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202, for the purposes of determining questions of actual controversy between the parties and construing the rights and legal relations, if any, arising from a commercial auto insurance policy issued by Zurich American Insurance Company ("Zurich") to T4 MR Global Logistics LLC relative to an underlying civil action against Temav Express, LLC styled *Serafin Cruz-Cruz v. Fedex Corporation, Fedex Ground Package System, Inc., Fedex Smartpost, Inc. and Temav Express, LLC*, Philadelphia Court of Common Pleas, September Term, 2016 No. 004450 (the "*Cruz* Litigation" or "Underlying

Action"), and for monetary damages respecting those sums Zurich has expended in the defense of Temav Express, LLC, under reservation of rights, in that Underlying Action.

For the reasons which follow, Zurich has no duty to defend or indemnify Temav Express, LLC in the *Cruz* Litigation because Temav Express, LLC does not qualify as an "insured" under the commercial auto insurance policy issued by Zurich to T4 MR Global Logistics LLC and, even if it did, coverage would be excluded under that policy because Temav Express, LLC is alleged to have been underlying claimant's employer at the time of the incident complained about in the *Cruz* Litigation. Additionally, because Zurich has no duty to defend or indemnify Temav Express, LLC in the *Cruz* Litigation, Zurich is entitled to recover those sums Zurich has expended in the defense of Temav Express, LLC, under reservation of rights, in that Underlying Action per the express terms of the policy.

## I. PARTIES

1. Plaintiff, Zurich American Insurance Company ("Zurich"), is a New York corporation engaged in the insurance business with a statutory home office located at One Liberty Plaza, 165 Broadway, 32nd Floor, New York, New York 10006, and its principal place of business located at 1299 Zurich Way, Schaumburg, IL 60196. Zurich is authorized to transact business and has transacted business in the Commonwealth of Pennsylvania.

2. Defendant, Temav Express, LLC ("TEMAV"), is, upon information and belief, a *sui juris* entity organized and existing under the laws of the Commonwealth of Pennsylvania with its principal place of business in the Commonwealth of Pennsylvania.

3. Upon information and belief, all the members of TEMAV are citizens, within the meaning of 28 U.S.C. § 1332, of states other than New York and Illinois, and as such are completely diverse of citizenship to Zurich for purposes of jurisdiction under 28 U.S.C. § 1332(a).

4. Serafin Cruz-Cruz ("Cruz") is an adult individual and resident of the Commonwealth of Pennsylvania. Cruz is the plaintiff in the underlying civil action styled *Serafin Cruz-Cruz v. Fedex Corporation, Fedex Ground Package System, Inc., Fedex Smartpost, Inc. and Temav Express, LLC*, Philadelphia Court of Common Pleas, September Term, 2016 No. 004450 (the "*Cruz* Litigation" or "Underlying Action") and has been named as an interested party only in this proceeding. No claim or cause of action is asserted against Cruz in this Complaint.

## II.  JURISDICTION AND VENUE

5. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332, because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

6. Venue is proper in the Eastern District of Pennsylvania under 28 U.S.C. §1391 because, *inter alia*, a substantial part of the events or omissions giving rise to the claim, including the insurance and business transactions at issue in this case, took place within this District, and because the defendants have minimum business contacts or are otherwise domiciled in this judicial district, sufficient to subject them to personal jurisdiction.

## III.  FACTS

7. Upon information and belief, at all times relevant, TEMAV was the owner of a certain delivery truck identified more specifically as 2007 International Box Truck Model 4300 VIN

1HTMMAAL67H390007 ("Delivery Truck") which, at all times relevant, was garaged and registered in the Commonwealth of Pennsylvania.

8. Upon information and belief, at all times relevant, TEMAV and Cruz were parties to a certain "Driver Vehicle Agreement", executed on or about July 17, 2014, pursuant to which Cruz was permitted to use the Delivery Truck. A true and correct copy of the July 17, 2014 Driver Vehicle Agreement is appended hereto at **Exhibit "A"**.

9. Upon information and belief, at all times relevant, TEMAV and Cruz were parties to a certain agreement, also executed on or about July 17, 2014, pursuant to which Cruz provided freight transportation services for TEMAV using the Delivery Truck. A true and correct copy of the July 17, 2014 Independent Contractor Agreement is appended hereto at **Exhibit "B"**.

### THE UNDERLYING LITIGATION

10. On or about September 2, 2016, Cruz initiated the Underlying Action against TEMAV and Fedex Corporation, Fedex Ground Package System, Inc., and Fedex Smartpost, Inc. (collectively, the "Fed-Ex defendants") styled *Serafin Cruz-Cruz v. Fedex Corporation, Fedex Ground Package System, Inc., Fedex Smartpost, Inc. and Temav Express, LLC*, PCCP September Term, 2016 No. 004450. A true and correct copy of the complaint filed in the *Cruz* Litigation is appended hereto at **Exhibit "C"**.

11. The complaint filed in the *Cruz* Litigation seeks damages for alleged injuries Cruz sustained when attempting to open the door of the Delivery Truck in order to unload freight from the Delivery Truck.

12. In the complaint filed in the *Cruz* Litigation, Cruz alleges that he was at all times "acting in the course and scope of his employment as a delivery driver for this employer, Temav," who failed to carry worker's compensation insurance, thus permitting an election under the Pennsylvania Worker's Compensation Act to sue his employer in tort. *Cruz* Litigation Complaint ("Compl.") at ¶¶11-13 (citing 77 Pa. Stat. Ann. § 501(d)).

13. Cruz claims that on October 29, 2014, while "in the course and scope of his employment with Defendant, Temav, [he] was assigned to operate a delivery truck to transport cargo from the ... warehouse of Defendants, FedEx, FedEx Ground and FedEx SmartPost, to the United States Post Office warehouse located at 262 S. Easton Rd., Glenside, PA." *Id.* at ¶19.

14. According to the complaint, "agents, servants, workmen and /or employees of Defendants, FedEx, FedEx Ground and FedEx SmartPost," allegedly "loaded the truck operated by Plaintiff, with cargo." *Id.* at ¶20.

15. According to the complaint, after leaving the Fedex warehouse, it is alleged that Cruz "was directed by a supervisor of his employer, Defendant, Temav, to return to Defendants', FedEx, FedEx Ground and FedEx SmartPost warehouse and allow them to load additional cargo onto to his already loaded truck." *Id.* at ¶21.

16. Upon his return, Cruz claims that "additional cargo was loaded onto the already loaded truck by the agents, servants, workmen and/or employees of Defendants, FedEx, FedEx Ground and FedEx SmartPost, causing the dangerous condition" which Cruz claims was causal to his injuries. *Id.* at ¶22.

17. According to the complaint, "agents, servants, workmen and/or employees of Defendant, Temav, including a supervisor, were present when the additional cargo was loaded onto the truck." *Id.* at ¶23.

18. The load allegedly shifted within the trailer while being driven to the U.S. Post Office and, upon Cruz's arrival at the post office, he allegedly injured his back while attempting to open the "jammed door" to the truck. *Id.* at ¶¶24-26.

19. In the complaint filed in the *Cruz* Litigation, Cruz asserts claims sounding in negligence and vicarious liability against the Fedex defendants based upon the loading operations at the Fedex facility, together with general allegations of negligence in connection with the training and supervision of their workers. See Compl. at ¶27 and Counts I-III.

20. The claims against Temav are set forth in Count IV of the complaint, also styled in negligence, and premised upon the same causal conduct. See Compl. at ¶27 and Count IV.

### THE ZURICH POLICY

21. Zurich issued a certain commercial auto policy to T4MR Global Logistics LLC identified more specifically as Zurich American Insurance Company Commercial Auto Policy No. TRK 9652167-01, effective June 6, 2014 to June 6, 2015 (the "Zurich Policy"). A true and correct copy of the Zurich Policy is appended hereto at **Exhibit "D"** and incorporated herein by reference pursuant to Fed.R.Civ.P. 10(c).

22. T4MR Global Logistics LLC, 111 Presidential Boulevard, Suite 165, Bala Cynwyd, PA 19004 is the only Named Insured under the Zurich Policy.

23. TEMAV is not a Named Insured or additional Named Insured under the Zurich Policy.

24. The Zurich Policy is governed by a Motor Carrier Coverage form (CA 0020 (10/13)) subject to, *inter alia*, a Pennsylvania Changes – Defense Costs Endorsement (IL 0120 (10/13)) and a number of other Pennsylvania specific endorsements.

25. The Zurich Policy includes a third party liability commercial auto insuring grant which affords a defense and indemnity to a qualifying "insured" for "bodily injury" caused by an accident resulting from the use of a covered auto:

SECTION II – COVERED AUTOS LIABILITY COVERAGE

A. Coverage

We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto". ...

We will have the right and duty to defend any "insured" against a "suit" asking for such damages ... However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" ... to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends when the Covered Autos Liability Coverage Limit of Insurance has been exhausted by payment of judgments or settlements.

Zurich Policy (Exh. "C") at Motor Carrier Coverage form (CA 0020 (10/13)), Section II.A.

26. Third party liability coverage is extended to a qualifying "insured" for accidents resulting from the ownership, maintenance or use of a covered "auto", which is defined under the Zurich Policy to be limited to Symbols 67 and 68 "autos":

| 67 | Specifically Described "Autos" | Only those "autos" described in Item Three of the Declarations for which a premium charge is shown (and for Covered Autos Liability Coverage any "trailers" you don't own while attached to any power unit described in Item Three). |
|---|---|---|

|     |                    |                                                                                                                                                                                                                                                                                                                                                                       |
|-----|--------------------|-----------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
| 68  | Hired "Autos" Only | Only those "autos" you lease, hire, rent or borrow. This does not include any "private passenger type" "auto" you lease, hire, rent or borrow from any member of your household, any of your "employees", partners (if you are a partnership), members (if you are a limited liability company), or agents or members of their households. |

*Id.* at Declarations, item Two, and Motor Carrier Coverage form (CA 0020 (10/13)), Section II.A.

27. The terms "you" and "your" in the Zurich Policy refer exclusively to the Named Insured, T4MR Global Logistics LLC. See Zurich Policy at Motor Carrier Coverage form (CA 0020 (10/13)), preamble. The terms "we", "us", and "our" refer to Zurich. *Id.*

28. Upon information and belief, T4MR Global Logistics LLC included the Delivery Truck as a scheduled auto under the Zurich Policy; however, at the time of the alleged accident described in the Underlying Action, T4MR Global Logistics LLC was not a party to any written lease agreement regarding the Delivery Truck, nor is it alleged in the *Cruz* Litigation that T4MR Global Logistics LLC was using the Delivery Truck.

29. The term "insured" is defined to include those persons or entities described in Section II.A.1 of the Motor Carrier Coverage form (CA 0020 (10/13)) which reads:

1.  Who Is An Insured

The following are "insureds":

a.  You for any covered "auto".

b.  Anyone else while using with your permission a covered "auto" you own, hire or borrow except:

    (1)    The owner or any "employee", agent or driver of the owner, or anyone else from whom you hire or borrow a covered "auto".

  (2) Your "employee" or agent if the covered "auto" is owned by that "employee" or agent or a member of his or her household.

  (3) Someone using a covered "auto" while he or she is working in a business of selling, servicing, repairing, parking or storing "autos" unless that business is yours.

  (4) Anyone other than your "employees", partners (if you are a partnership), members (if you are a limited liability company), a lessee or borrower of a covered "auto" or any of their "employees", while moving property to or from a covered "auto".

  (5) A partner (if you are a partnership), or member (if you are a limited liability company), for a covered "auto" owned by him or her or a member of his or her household.

 c. The owner or anyone else from whom you hire or borrow a covered "auto" that is a "trailer" while the "trailer" is connected to another covered "auto" that is a power unit, or, if not connected, is being used exclusively in your business.

 d. The lessor of a covered "auto" that is not a "trailer" or any "employee", agent or driver of the lessor while the "auto" is leased to you under a written agreement if the written agreement between the lessor and you does not require the lessor to hold you harmless and then only when the leased "auto" is used in your business as a "motor carrier" for hire.

 e. Anyone liable for the conduct of an "insured" described above but only to the extent of that liability.

However, none of the following is an "insured":

(1) Any "motor carrier" for hire or his or her agents or "employees", other than you and your "employees":

  (a) If the "motor carrier" is subject to motor carrier insurance requirements and meets them by a means other than "auto" liability insurance.

  (b) If the "motor carrier" is not insured for hired "autos" under an "auto" liability insurance form that insures on a primary basis the owners of the "autos" and their agents and "employees" while the "autos" are leased to that "motor carrier" and used in his or her business.

However, Paragraph (1) above does not apply if you have leased an "auto" to the for-hire "motor carrier" under a written lease agreement in which you have held that "motor carrier" harmless.
*Id.* at Motor Carrier Coverage form (CA 0020 (10/13)), Section II.A.1.

30. The Zurich Policy is subject to the following exclusions related to claims made by an insured's employee (the "Employee Exclusions"):

-9-

B. Exclusions

This insurance does not apply to any of the following:

...

**4. Employee Indemnification And Employer's Liability**

"Bodily injury" to:

a. An "employee" of the "insured" arising out of and in the course of:

    (1) Employment by the "insured"; or
    (2) Performing the duties related to the conduct of the "insured's" business; or

b. The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph a. above.

This exclusion applies:

(1) Whether the "insured" may be liable as an employer or in any other capacity; and
(2) To any obligation to share damages with or repay someone else who must pay damages because of the injury.

But this exclusion does not apply to "bodily injury" to domestic "employees" not entitled to workers' compensation benefits or to liability assumed by the "insured" under an "insured contract". For the purposes of the Coverage Form, a domestic "employee" is a person engaged in household or domestic work performed principally in connection with a residence premises.

**5. Fellow Employee**

"Bodily injury" to:

a. Any fellow "employee" of the "insured" arising out of and in the course of the fellow "employee's" employment or while performing duties related to the conduct of your business; or

b. The spouse, child, parent, brother or sister of that fellow "employee" as a consequence of Paragraph a. above.

Zurich Policy at Motor Carrier Coverage form (CA 0020 (10/13)), Section II.B.

31. The Zurich Policy is also subject to a Pennsylvania Changes – Defense Costs Endorsement

(IL 01 20 (10/13)) which reads, in pertinent part:

If we initially defend an insured ("insured") or pay for an insured's ("insured's") defense but later determine that none of the claims ("claims"), for which we provided a defense or defense costs, are covered under this insurance, we have the right to reimbursement for the defense costs we have incurred. The right to reimbursement under this provision will only

apply to the costs we have incurred after we notify you in writing that there may not be coverage and that we are reserving our rights to terminate the defense or the payment of defense costs and to seek reimbursement for defense costs.

Zurich Policy at Pennsylvania Changes – Defense Costs Endorsement (IL 01 20 (10/13)).

## CASE & CONTROVERSY

32. TEMAV tendered its defense in the *Cruz* Litigation to Zurich under the Zurich Policy.

33. On or about October 6, 2016, Zurich acknowledged TEMAV's tender, and agreed to defend TEMAV under a full reservation of rights to disclaim any insuring obligation, withdraw from TDI's defense, and recover any defense costs advanced pursuant to the Pennsylvania Changes - Defense Costs Endorsement (IL 01 20 (10/13)). See October 6, 2016 Reservation of Rights, attached as **Exhibit "E"**.

34. Among the bases for the rights reserved, Zurich specifically informed TEMAV that it may not qualify as an "insured" under the Zurich Policy, and that coverage may otherwise be excluded under the Employee Exclusions, particularly given the specific allegations in the complaint filed in the *Cruz* Litigation that Cruz was in the employ of TEMAV and engaged in TEMAV's business at the time of his alleged accident.

35. Subject to the rights reserved, Zurich has advanced all of the costs and expenses relative to TEMAV's defense in the *Cruz* Litigation, and continues to do so to this date.

36. A *bona fide* case and controversy exists as between Zurich and TEMAV respecting Zurich's insuring obligations under the Zurich Policy relative to the *Cruz* Litigation which is ripe for disposition. *Babcock & Wilcox Co. v. Am. Nuclear Insurers*, 131 A.3d 445, 456-457 (Pa. 2015) (noting that insurers are encouraged to seek declaratory relief to eliminate the

uncertainty regarding responsibility for continued defense and ultimately for indemnity coverage).

## COUNT I
### (DECLARATORY RELIEF)
### ZURICH V. TEMAV
### [NO DUTY TO DEFEND OR INDEMNIFY TEMAV IN THE UNDERLYING LITIGATION]

37. Plaintiff, Zurich American Insurance Company, incorporates by reference each of the foregoing allegations as if the same were set forth herein at length.

38. The third party liability coverage available under the Zurich Policy only extends to a qualifying "insured" under the Zurich Policy.

39. The term "insured" is defined by the Zurich Policy to mean:

    1.  Who Is An Insured

    The following are "insureds":

    a.  You for any covered "auto".

    b.  Anyone else while using with your permission a covered "auto" you own, hire or borrow except:

        (1) The owner or any "employee", agent or driver of the owner, or anyone else from whom you hire or borrow a covered "auto".
        (2) Your "employee" or agent if the covered "auto" is owned by that "employee" or agent or a member of his or her household.
        (3) Someone using a covered "auto" while he or she is working in a business of selling, servicing, repairing, parking or storing "autos" unless that business is yours.
        (4) Anyone other than your "employees", partners (if you are a partnership), members (if you are a limited liability company), a lessee or borrower of a covered "auto" or any of their "employees", while moving property to or from a covered "auto".
        (5) A partner (if you are a partnership), or member (if you are a limited liability company), for a covered "auto" owned by him or her or a member of his or her household.

    c.  The owner or anyone else from whom you hire or borrow a covered "auto" that is a "trailer" while the "trailer" is connected to another covered "auto" that is a power unit, or, if not connected, is being used exclusively in your business.

d.      The lessor of a covered "auto" that is not a "trailer" or any "employee", agent or
                    driver of the lessor while the "auto" is leased to you under a written agreement if the
                    written agreement between the lessor and you does not require the lessor to hold you
                    harmless and then only when the leased "auto" is used in your business as a "motor
                    carrier" for hire.

            e.      Anyone liable for the conduct of an "insured" described above but only to the extent
                    of that liability.

        However, none of the following is an "insured":

        (1)     Any "motor carrier" for hire or his or her agents or "employees", other than you and
                your "employees":

                (a)     If the "motor carrier" is subject to motor carrier insurance requirements and
                        meets them by a means other than "auto" liability insurance.

                (b)     If the "motor carrier" is not insured for hired "autos" under an "auto"
                        liability insurance form that insures on a primary basis the owners of the
                        "autos" and their agents and "employees" while the "autos" are leased to
                        that "motor carrier" and used in his or her business.

        However, Paragraph (1) above does not apply if you have leased an "auto" to the for-hire
        "motor carrier" under a written lease agreement in which you have held that "motor carrier"
        harmless.

        *Id.* at Motor Carrier Coverage form (CA 0020 (10/13)), Section II.A.1.

40.     TEMAV is not "you" within the definition of an "insured" at Section II.A.1.a. because it is

        not a Named Insured under the Zurich Policy. T4MR Global Logistics LLC is the only

        Named Insured under the Zurich Policy.

41.     TEMAV does not qualify as an "insured" under the definition set forth in Section II.A.1.b.

        because, *inter alia*, TEMAV was was not using, with permission, a covered "auto" T4MR

        Global Logistics LLC owned, hired or borrowed at the time of the accident described in the

        *Cruz* Litigation complaint.

42.     Even if the Delivery Truck was a covered "auto" T4MR Global Logistics LLC owned, hired

        or borrowed which was being used by TEMAV with T4MR Global Logistics LLC's

-13-

permission at the time of the accident described in the *Cruz* Litigation complaint, TEMAV would not qualify as an "insured" under Section II.A.1.b. because TEMAV is the owner of the Delivery Truck and Section II.A.1.b. expressly excepts from its scope "the owner or any 'employee', agent or driver of the owner, or anyone else from whom [T4MR Global Logistics LLC] hire[s] or borrow[s] a covered 'auto'."

43. TEMAV does not qualify as an "insured" under the definition of an "insured" set forth in Section II.A.1.c. because the Delivery Truck is not a "trailer" as defined by the Zurich Policy.

44. TEMAV does not qualify as an "insured" under the definition of an "insured" set forth in Section II.A.1.d. because, *inter alia*, TEMAV is not a lessor of the Delivery Truck, and the Delivery Truck was not otherwise leased to T4MR Global Logistics LLC under a written agreement at the time of the accident described in the *Cruz* Litigation complaint.

45. TEMAV does not qualify as an "insured" under the definition of an "insured" set forth in Section II.A.1.e. because, *inter alia*, TEMAV is not alleged to be liable for the conduct of an "insured".

46. Because TEMAV does not qualify as an "insured" under the Zurich Policy, Zurich has no obligation to defend or indemnify TEMAV in the *Cruz* Litigation.

47. Zurich is entitled to a declaration that it has no duty to defend or indemnify TEMAV in the *Cruz* Litigation.

48. There is no adequate remedy, other than that requested herein, by which this controversy may be resolved.

**WHEREFORE,** plaintiff, Zurich American Insurance Company, respectfully requests that this Honorable Court enter:

(1) An Order declaring that Zurich American Insurance Company has no duty to defend or indemnify Temav Express, LLC in the civil action styled *Serafin Cruz-Cruz v. Temav Express, LLC, et al.*, Philadelphia Court of Common Pleas, September Term, 2016 No. 004450 under Zurich American Insurance Company Policy No. TRK 9652167-01; and

(2) A Judgment and/or Order for such other relief consistent with the claims and causes asserted in this Complaint.

## COUNT II
### (DECLARATORY RELIEF)
### ZURICH V. TEMAV
### [NO DUTY TO DEFEND OR INDEMNIFY TEMAV IN THE UNDERLYING LITIGATION]

49. Plaintiff, Zurich American Insurance Company, incorporates by reference each of the foregoing allegations as if the same were set forth herein at length.

50. Under Pennsylvania law, which governs the Zurich Policy, an insurer's potential duty to defend is "determined solely by the allegations of the complaint in the [underlying] action." *Kvaerner Metals Div. of Kvaerner U.S., Inc. v. Commercial Union Ins. Co.*, 589 Pa. 317, 908 A.2d 888, 896 (2006) (citation omitted).

51. In the Underlying Litigation, Cruz expressly avers that he was in the course and scope of his employment with TEMAV and was specifically performing duties related to the conduct of TEMAV's business at the time of the accident.

52. Even if TEMAV qualified as an "insured" under the Zurich Policy, which it does not, coverage for the claims asserted against TEMAV in the Underlying Action would be expressly excluded from coverage under the Employee Exclusions.

53. Zurich may otherwise have no obligation to defend or indemnify TEMAV in the *Cruz* Litigation per the terms, limitations, conditions precedent to coverage, and exclusions to

coverage in the Zurich Policy, all of which are incorporated herein by reference under Fed.R.Civ.P. 10(c) for sake of brevity.

54. Zurich is entitled to a declaration that it has no duty to defend or indemnify TEMAV in the *Cruz* Litigation.

55. There is no adequate remedy, other than that requested herein, by which this controversy may be resolved.

**WHEREFORE,** plaintiff, Zurich American Insurance Company, respectfully requests that this Honorable Court enter:

(1) An Order declaring that Zurich American Insurance Company has no duty to defend or indemnify Temav Express, LLC in the civil action styled *Serafin Cruz-Cruz v. Temav Express, LLC, et al.*, Philadelphia Court of Common Pleas, September Term, 2016 No. 004450 under Zurich American Insurance Company Policy No. TRK 9652167-01; and

(2) A Judgment and/or Order for such other relief consistent with the claims and causes asserted in this Complaint.

## COUNT III
### (RECOVERY OF DEFENSE COSTS)
### ZURICH V. TEMAV

56. Plaintiff, Zurich American Insurance Company, incorporates by reference each of the foregoing allegations as if the same were set forth herein at length.

57. The Zurich Policy expressly permits the recovery of defense costs advanced under reservation of rights where it is determined that an insuring obligation is not owing. See Zurich Policy at Pennsylvania Changes – Defense Costs Endorsement (IL 01 20 (10/13)).

58. Zurich timely notified TEMAV in writing that there may not be coverage under the Zurich Policy and that Zurich was reserving its rights to terminate the defense or the payment of

defense costs and to seek reimbursement for defense costs. See October 6, 2016 Reservation of Rights (Exh. "E").

59. The claims asserted in the *Cruz* Litigation do not implicate coverage under the Zurich Policy.

60. TEMAV, consistent with the express terms of the Zurich Policy, is liable for the reimbursement of such defense costs advanced by Zurich on and after October 6, 2016 in connection with the *Cruz* Litigation.

WHEREFORE, plaintiff, Zurich American Insurance Company, respectfully requests that this Honorable Court enter:

(a) Judgment in favor of Zurich American Insurance Company and against Temav Express, LLC for all fees, costs, and expenses incurred by Zurich American Insurance Company in the defense of Temav Express, LLC in the civil action styled *Serafin Cruz-Cruz v. Temav Express, LLC, et al.*, Philadelphia Court of Common Pleas, September Term, 2016 No. 004450 on and after October 6, 2016, plus interest thereupon; and

(b) An order and/or judgment for such other or alternative relief consistent with the claims and causes asserted in this Complaint.

Respectfully Submitted,

/s/Louis A. Bové
LOUIS A. BOVÉ, ESQUIRE
**BODELL BOVE, LLC**
1845 Walnut Street, Suite 1100
Philadelphia, PA 19103
Tel: (215) 864-6600
Fax: (215) 864-6610
lbove@bodellbove.com
*Attorney(s) for Plaintiff,*
*Zurich American Insurance Company*

Date: January 25, 2018